David Davidson, Esq. SBN 215969
ddavidson@ohaganmeyer.com
Pilar Torres, Esq. SBN 341732
ptorres@ohaganmeyer.com
O'HAGAN MEYER
3200 Park Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone: (949) 942-8500
Facsimile:  (949) 942-8510

Attorneys for Defendant
WALMART, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE P. WILLIAMS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware corporation; and DOES 1-50,<br><br>Defendant. | Case No. 2:23-at-00746<br><br>**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ**<br><br>Complaint Filed:  6/26/2023<br>Trial Date:  None Set<br>District Judge:  Barbara Kronlund |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant, WALMART, INC., ("Defendant"), a Delaware Corporation, hereby removes this action from Superior Court of the State of California, County of San Joaquin to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on the basis of diversity.

1

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446 (DIVERSITY)**

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Danielle P. Williams is a resident, citizen and domiciliary of the State of California. Defendant is a Delaware corporation with its principal place of business in the State of Arkansas.

## INTRODUCTION

1.     On June 26, 2023, plaintiff Danielle P. Williams ("Plaintiff") commenced this action by filing a complaint in the Superior Court of the State of California in and for the County of San Joaquin, entitled *Danielle P. Williams, an individual, v. Walmart, Inc., a Delaware corporation, and DOES 1 through 50, inclusive*," as Case Number STK-CV-UCR-2023-0006523. Plaintiff alleges four causes of action for Violation of the Unruh Civil Rights Act, Civil Code Section 51 et seq, negligence, Violation of Bus. & Prof. Code, Section 17200, and Intentional Infliction of Emotional Distress arising out of an incident that is alleged to have occurred on April 30, 2021, in San Joaquin, California.

2.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A** (Plaintiffs Complaint) and **Exhibit B** (Defendant's Answer).

3.     Plaintiff's Complaint was served on Defendant on July 5, 2023, along with Plaintiff's demand letter. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days after service of Plaintiff's Complaint was served on Defendant.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446 (DIVERSITY)**

4.     This Notice of Removal is also timely under 28 U.S.C. § 1446(b) since it is being filed within one (1) year of the commencement of this action.

## BASIS FOR REMOVAL

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

6.     At the time of filing his complaint, Plaintiff was a resident and citizen of the State of California, County of San Joaquin. (Torres Dec., ¶ 3.)

7.     Defendant is a citizen of the Delaware where it was incorporated with its principal place of business in the State of Arkansas. (Id. at ¶ 4.)

8.     The defendants identified as "Does 1 through 50" in Plaintiff's Complaint are merely fictitious parties who have not been identified.

9.     The inclusion of "Doe" defendants in the state court Complaint has no effect on removability.  In determining whether diversity of citizenship exists, only the named defendants are considered.  (See *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); see also *Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

10.     In determining whether the parties are diverse under 28 U.S.C. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded." (See also, *Goldsmith v. CVS Pharmacy, Inc.*, CV 20-0750-AB (JCx),

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446 (DIVERSITY)**

2020 WL 1650760 (C.D. Cal. April 3, 2020); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002)). The presumption remains that Congress said what it meant and meant when it said when it wrote 28 U.S.C. § 1441(b) to require that the citizenship of fictitious defendants be ignored when considering diversity jurisdiction. The Ninth Circuit was clear when it indicated the same. (See *Soliman*, 311 F.3d at 966.) The parties are accordingly completely diverse, and jurisdiction is proper.

11.     Plaintiff's Complaint does not specify the amount of damages sought by way of his action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in her complaint.

12.     In the Plaintiff's Demand letter which was attached as "Exhibit A" to Plaintiff's Complaint, she claims special damages in excess of $150,000. (Id. at ¶ 2.) Therefore, the amount of damages exceeds $75,000.

13.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which many be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff has alleged various damages in excess of $150,000. (Torres Dec., ¶ 2-4.)

14.     Thus, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal of this action from the Superior Court of California, County of San Joaquin to the United State District Court for the Eastern District of California is appropriate.

15.     The removal of this action to this Court is proper under 28 U.S.C. §

4

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446 (DIVERSITY)**

1441(a) inasmuch as the Superior Court of the State of California, County of San Joaquin, where this action was originally filed, is located within this federal judicial district. Also, both the place of Plaintiff's residence/domicile and the location of the accident at issue are located in the County of San Joaquin in the State of California. (Torres Dec., ¶ 3.)

16.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

17.    Counsel for Defendant hereby certifies that they will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California, County of San Joaquin, as required by 28 U.S.C. § 1446, and give notice of same to Plaintiff.

18.    No previous application for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE,** Defendant hereby removes this action from the Superior Court of the State of California, County of San Joaquin to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.


DATED: August 1, 2023                    O'HAGAN MEYER


                              By: _____
                                   David Davidson
                                   Pilar Torres
                                   Attorney for Defendant WALMART INC

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446 (DIVERSITY)**

**DECLARATION OF PILAR TORRES, ESQ.**

I, Pilar Torres, declare as follows:

1.     I am an attorney duly authorized and licensed to practice before this Court. I am an attorney with the law firm of O'Hagan Meyer, counsel of record for defendant WALMART, INC., a Delaware Corporation ("Walmart") in the above-captioned matter.  The information stated herein is true and correct and of my personal knowledge, unless stated on information and belief.  If called as a witness, I could and would testify competently to the matters declared herein.

2.     As a result of the subject fall, Plaintiff Danielle P. Williams ("Plaintiff") alleges in her Demand letter damages exceeding $150,000.00.

3.     According to the Complaint prepared and submitted by Plaintiff, she resides in San Joaquin County, California. I am informed and believe he has been a citizen of the State of California at all relevant times, from the date of the incident up to and including the time he filed his Complaint. The subject accident allegedly occurred on April 30, 2021, at a Walmart store located in San Joaquin County, California.

4.     Walmart, Inc. is incorporated in Delaware with its principal place of business in the State of Arkansas.

5.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A and Exhibit B**

6.     Plaintiff's Complaint was served on Defendant on July 5, 2023, along with Plaintiff's demand letter. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days after service of

**DECLARATION OF PILAR TORRES, ESQ.**

Plaintiff's Complaint was served on Defendant.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on July 28, 2023.

_____
Pilar Torres, Declarant

2
**DECLARATION OF PILAR TORRES, ESQ.**

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

Electronically Filed
Superior Court of California
County of San Joaquin
2023-06-26 09:16:45
Clerk: Kacey Sutton

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
WALMART INC., a Delaware corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
DANIELLE P. WILLIAMS, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: (Número del Caso): |
|---|---|
| (El nombre y dirección de la corte es): Superior Court of California, County of San Joaquin - Stockton Courthouse 180 E Weber Ave, Stockton, California 95202 | STK-CV-UCR-2023-0006523 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es): Jerome Anthony Clay, Jr., Esq.
LAW OFFICES OF JEROME A. CLAY, 5250 Claremont Avenue, Suite 221, Stockton, California 95207
Telephone: (209) 603-9852 Facsimile: (510) 280-2841 E-mail: Jclay7@claylaw.net

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| (Fecha) 2023-06-26 | Stephanie Bohrer | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date)

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
|---|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Jerome Anthony Clay, Jr., Esq., SBN 327175
LAW OFFICES OF JEROME A. CLAY
5250 Claremont Avenue, Suite 221, Stockton, California 95207

TELEPHONE NO.: (209) 603-9852   FAX NO. *(Optional)*: (510) 280-2841
E-MAIL ADDRESS: Jclay7@claylaw.net
ATTORNEY FOR *(Name)*: Plaintiff, Danielle P. Williams

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**
STREET ADDRESS: 180 E Weber Ave
MAILING ADDRESS: 180 E Weber Ave
CITY AND ZIP CODE: Stockton, California 95202
BRANCH NAME: Stockton Courthouse

**CASE NAME:**
WILLIANS vs WALMART INC.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** [ ] **Limited** | [ ] Counter [ ] Joinder | STK-CV-UCR-2023-0006523 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

**FOR COURT USE ONLY**
Electronically Filed
Superior Court of California
County of San Joaquin
2023-06-26 09:16:45
Clerk: Kacey Sutton

Case Management Conference
2023-12-22 8:45AM in 10D

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[x] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive

4. Number of causes of action *(specify):* our; (Violation of Unruh Act and B & P Code 17200, et seq; Negligence; IIED)

5. This case [ ] is [x] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 26, 2023

Jerome Anthony Clay, Jr., Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California      **CIVIL CASE COVER SHEET**      Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

### Case Number: **STK-CV-UCR-2023-0006523**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 12/22/2023 | Time: 8:45 AM Department:10D |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE BARBARA KRONLUND IN DEPARTMENT 10D FOR ALL PURPOSES, INCLUDING TRIAL | Stockton | Stockton: 209-992-5693 Lodi:    209-992-5522 |

[ **X** ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1. You must:

    a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

    b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d. **Collection cases** are managed pursuant to CRC 3.740.

2. Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4. Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 06/26/2023                                         _Kacey Sutton_  ,Deputy Clerk

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Electronically Filed
Superior Court of California
County of San Joaquin
2023-06-26 09:16:45
Clerk: Kacey Sutton

Case Management Conference
2023-12-22 8:45AM in 10D

Jerome Anthony Clay, Jr., Esq. (SBN: 327175)
LAW OFFICES OF JEROME A. CLAY
5250 Claremont Avenue, Suite 221
Stockton, California 95207
Phone: (209) 603-9852
Fax: (510) 280-2841
jclay7@claylaw.net

Attorney for Plaintiff
DANIELLE P. WILLIAMS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF SAN JOAQUIN**
**UNLIMITED JURISDICTION**

| | |
|---|---|
| **DANIELLE P. WILLIAMS,** an individual | Case No.: STK-CV-UCR-2023-0006523 |
| *Plaintiff,* | **Complaint For:** |
| *vs.* | 1. Violation of the Unruh Civil Rights Act, Civil Code Section 51 *et seq;* |
| **WALMART INC.,** a Delaware corporation; and **DOES 1** through **50,** inclusive, | 2. Negligence; |
| | 3. Violation of Bus. & Prof. Code, § 17200 *et seq;* |
| *Defendants.* | 4. Intentional Infliction of Emotional Distress |
| | [Demand for Jury Trial] |

LAW
OFFICES OF
JEROME A.
CLAY

1
Complaint

Plaintiff, DANIELLE P. WILLIAMS (hereinafter referred to as "Plaintiff" or "Ms. WILLIAMS"), brings this action against Defendants, WALMART INC. (hereinafter referred to as "Defendant" or "WALMART"), and DOES 1 through 50 (hereinafter collectively referred to as "Defendants"), and respectfully shows unto the Court as follows:

## INTRODUCTION

1.      On April 30, 2021, Plaintiff, an African-American woman, went grocery shopping in one of Defendant's supercenter stores, located at 3010 W Grant Line Rd, Tracy, CA 95304 (hereinafter referred to as "Store"). While exiting from the Store, a plain-dressed security guard stopped the Plaintiff. He asked Plaintiff to show her receipt even after she had earlier shown the receipt to a young lady standing at the exit door. He asked Plaintiff to show her receipt because she was an African-American woman. Defendants intentionally, willfully, and recklessly discriminated against, harassed, and humiliated Plaintiff due to her race. Accordingly, Defendants violated Unruh Civil Rights Act and the Business and Professions Code. Furthermore, Defendants' acts and/or omissions constitute negligence and intentional emotional distress to Plaintiff.

## PARTIES

2.      Plaintiff Ms. WILLIAMS, at all times relevant hereto, an individual, is a resident of California.

3.      Defendant WALMART, at all times relevant hereto, a Delaware corporation with the capacity to sue and to be sued, is authorized to do business in the County of San Joaquin, California.

4.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff will seek the Court's leave to amend this Complaint to allege the true names and capacities of Defendants sued herein as DOES 1 through 50 when ascertained. Plaintiff is informed and believes and thereon alleges that the Defendants DOES 1 through 50, inclusive, are

Complaint

LAW OFFICES OF JEROME A. CLAY

responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages alleged herein as the employee, officer, agent, or representative of one or more of the remaining Defendants.

## JURISDICTION

5.    This Court has personal jurisdiction over this matter pursuant to the California Code of Civil Procedure section 410.10.

6.    The venue is proper in this Court pursuant to Code of Civil Procedure section 395(a). Further, the acts and/or omissions giving rise to the claims herein occurred in San Joaquin County.

## FACTUAL ALLEGATIONS

7.    On April 30, 2021, Plaintiff went grocery shopping at Defendant's Store. At the register, a cashier was checking out Plaintiff, and at completion, the cashier asked Plaintiff if she needed bags for her groceries. Plaintiff replied, "No, thank you," as she had her bags.

8.    Since the cashier's line was long, Plaintiff decided to bag her groceries after paying at the cashier. Plaintiff moved her cart to an empty register two aisles away from the cashier and started to pack her items there as it was too hot outside to bag them at her car.

9.    Once Plaintiff was done with bagging her groceries, she proceeded towards the exit doors. At the exit door, a young lady was standing. Plaintiff asked the lady if she wanted to check her receipt. That lady checked the Plaintiff's receipt and items. Then, Plaintiff proceeded towards her car.

10.    As Plaintiff was about to leave the Store, a security guard in plain clothes emerged from the side door of the lobby and stopped her. He then asked her to produce the receipt in a harsh tone. Plaintiff complied and handed over her receipt to him.

11.    The security guard took the receipt and looked at it briefly. Meanwhile, Plaintiff asked him if he really believed that she stole the items. He replied that he needed to see the receipt because of where she was bagging her groceries.

3

Complaint

LAW OFFICES OF JEROME A. CLAY

12. The conduct of the Defendants was intended to show as if blacks do not pay for their groceries and run out on their bills. Due to this, Plaintiff felt discriminated against, humiliated, embarrassed, indignity, and offended.

13. Plaintiff went back into the Store and told the cashier who checked her out about what happened with her. The cashier replied that all they wanted to do was talk to her. Thereafter, Plaintiff left the Store.

14. However, still upset by the incident, Plaintiff called her sister. Plaintiff's sister advised her to talk to the manager of the Store. Thereby, Plaintiff went back to the Store and asked for the manager to the same cashier.

15. Plaintiff told the manager about the incident. The manager said that she had not commanded the security guard to do that. She told him only to check the cameras to see if Plaintiff had paid for the items or not.

16. Plaintiff is an upstanding citizen. Plaintiff has never been treated like this before.

17. On or about April 5, 2022, Plaintiff, through her attorney, sent a Demand Letter to Defendant indicating various legal violations committed by them. A true and correct copy of the Demand Letter is attached hereto as **Exhibit "A"** and is incorporated herein by reference.

18. On April 14, 2022, Walmart Claims Services (hereinafter referred to as "WCS") faxed Plaintiff's attorney a Letter which indicated that WCS administers liability claims on behalf of Defendant and further stated, "investigation of this claim is ongoing." A true and correct copy of the Letter is attached hereto as **Exhibit "B"** and is incorporated herein by reference.

19. On May 13, 2022, Plaintiff's attorney's legal assistant emailed the WCS's case manager Mr. Randall Vickers with a copy of Plaintiff's receipt of the Store for the date of the incident. A true and correct copy of the Receipt is attached hereto as **Exhibit "C"** and is incorporated herein by reference.

4

Complaint

LAW OFFICES OF JEROME A. CLAY

20.   On March 9, 2023, WCS rejected the Plaintiff's claim and stated that "WCS's investigation and evaluation of this claim indicate that the storekeeper was not at fault . . ." A true and correct copy of the Letter is attached hereto as **Exhibit "D"** and is incorporated herein by reference.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of the Unruh Civil Rights Act, Civil Code Section 51 *et seq.***
**(Against All Defendants)**

21.   Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–20 with the same force and effect as though fully set forth herein.

22.   The Unruh Civil Rights Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, . . ., citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

23.   Defendant is a "business establishment" for the purposes of California Civil Code Section 51.

24.   California Civil Code Section 51.5(a) provides that "[n]o business establishment of any kind whatsoever shall discriminate against, . . . any person in this state on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, . . ."

25.   However, Defendants engaged in intentional, willful, or purposeful discrimination aforementioned against the Plaintiff and deprived her of the right to be free from discrimination guaranteed by Civil Code Section 51 and 51.5, and constitutes intentional and offensive conduct.

26.   Defendants have violated Plaintiff's civil rights to "full and equal accommodations, advantages, facilities, privileges and services in all business establishments of every kind whatsoever."

27.   In doing the acts alleged, Defendants knew or should have known that their actions were likely to injure Plaintiff's rights.

Complaint

LAW
OFFICES OF
JEROME A.
CLAY

28.   Defendants' actions and conduct, as set forth above, were motivated by Plaintiff's race. Unless Defendants are restrained by a preliminary and permanent injunction, Plaintiff, as well as other African Americans, may continue to suffer Defendants' discriminatory conduct.

29.   Plaintiff is entitled to recover a civil penalty under California Civil Code Section 52(a).

30.   As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and will suffer damages in an amount to be determined at the time of trial.

31.   As a direct and proximate result of the Defendants' violation of the Unruh Civil Rights Act, Plaintiff seeks general damages, attorney's fees, and injunctive relief from Defendants, all provided in Civil Code section 52(a).

## SECOND CAUSE OF ACTION
### Negligence
### (Against All Defendants)

32.   Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–20 with the same force and effect as though fully set forth herein.

33.   California Civil Code Section 1708 provides that "[e]very person is bound, without contract, to abstain from injuring the person, . . . or infringing upon any of his or her rights."

34.   Pursuant to the applicable standard of care, Defendants had a duty of due care to treat Plaintiff reasonably, equally, and fairly as required by the law.

35.   "Courts have found such a special relationship in cases involving the relationship between business proprietors such as shopping centers . . . and their tenants, patrons, or invitees."[1]

36.   Defendants owed a duty of care to Plaintiff as a patron and invitee of their business establishment to ensure that Plaintiff received full and equal service and accommodations at their business establishment.

---

[1] (*Dix v. Live Nation Entertainment, Inc.* (2020) 56 Cal.App.5th 590, 606 [270 Cal.Rptr.3d 532].)

LAW OFFICES OF JEROME A. CLAY

37.     However, Defendants intentionally, willfully, recklessly, and negligently breached their duty of care by discriminating against Plaintiff.

38.     Defendants' aforementioned actions clearly depict that Defendants engaged in their conduct with malice and oppression.  Defendants' actions were performed with the intent of injuring Plaintiff and done with reckless disregard to her rights.

39.     Defendants knew or should have known that their actions were likely to injure Plaintiff's rights and would cause Plaintiff emotional distress and mental suffering.

40.     As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered and continues to suffer emotional distress and mental anguish, including but not limited to humiliation, embarrassment, and indignity.

41.     As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and will suffer damages in an amount to be determined at the time of trial.

42.     Furthermore, as a direct and proximate result of Defendants' negligence, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial and any other appropriate relief.

**THIRD CAUSE OF ACTION**
**Violation of Business & Professions. Code, § 17200 *et seq.***
**(Against All Defendants)**

43.     Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–20 with the same force and effect as though fully set forth herein.

44.     California Business & Professions Code Section 17200 et seq., also known as the California Unfair Competition Law, prohibits business practices that are "unlawful, unfair, or fraudulent."

45.     A violation of California Business and Professions Code Section 17200 *et seq.* may be predicated on a violation of any state or federal law.

7
Complaint

LAW
OFFICES OF
JEROME A.
CLAY

46.    "Laws that have been enforced under section 17200's "unlawful" prong include state antidiscrimination laws".[2]

47.    Defendants failed to respect the rights of Plaintiff pursuant to the Unruh Civil Rights Act, which indicates the personal rights of people and provides safeguards to ensure the personal liberty of the individuals without any discrimination.

48.    Defendants further failed to provide services and privileges free from discrimination based on race, as required by the Unruh Civil Rights Act.

49.    Plaintiff alleges that by engaging in the aforementioned acts and/or omissions, Defendants have violated California Unruh Civil Rights Act, and said acts and/or omissions are therefore per se violation of California Business and Professions Code section 17200, *et seq.*

50.    Therefore, Defendants have committed unlawful and unfair business practice(s) within the meaning of California Business & Professions Code section 17200 *et seq.* Unless Defendants are restrained by a preliminary and permanent injunction, Plaintiff, as well as other African Americans, may continue to suffer Defendants' discriminatory/unfair and unlawful Conduct.

51.    As a direct and proximate result of Defendants' unfair and unlawful business practice(s), Plaintiff has suffered and will suffer damages in an amount to be determined at the time of trial.

52.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer emotional distress and mental anguish, including but not limited to humiliation, embarrassment, and indignity.

53.    Furthermore, Plaintiff seeks injunctive relief against Defendants pursuant to California Business & Professions Code section 17203.

---

[2] (*State Farm Fire & Casualty Co. v. Superior Court* (1996) 45 Cal.App.4th 1093, 1103 [53 Cal.Rptr.2d 229].)

8

Complaint

LAW
OFFICES OF
JEROME A.
CLAY

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against All Defendants)

54. Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–20 with the same force and effect as though fully set forth herein.

55. Defendants intentionally and recklessly engaged in the aforementioned outrageous conduct, causing severe emotional distress to Plaintiff. This behavior of the Defendants was beyond all bounds of decency and is intolerable in a civilized society.

56. Defendants knew, or should have known, that Plaintiff was susceptible to such emotional distress and that their actions, as described above, were outrageous and exceeded all bounds of that usually tolerated in a civilized community. Yet Defendants intentionally or recklessly engaged in such actions.

57. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer mental pain, including distress, anxiety, anguish, humiliation, embarrassment, emotional distress, and indignity, all to her damages in a sum according to proof at trial.

## DEMAND FOR JURY TRIAL

58. Plaintiff hereby demands a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DANIELLE P. WILLIAMS respectfully prays for Judgement against the Defendants as follows:

(i)     For general damages according to proof at trial;

(ii)    For punitive damages according to proof at trial;

(iii)   For injunctive relief;

(iv)    For attorney's fees and costs incurred in this action; and

(v)     For such other and further relief as the Court may deem just and proper.

9

Complaint

LAW OFFICES OF JEROME A. CLAY

June 26, 2023

Respectfully submitted,

**LAW OFFICES OF JEROME A. CLAY**

/s/

JEROME A. CLAY, JR., ESQ.
*Attorney for Plaintiff*
DANIELLE P. WILLIAMS

10

Complaint

LAW
OFFICES OF
JEROME A.
CLAY

**Exhibit "A"**
(Demand Letter)

**PERSONAL AND CONFIDENTIAL**
**PRIVILEGED OFFER TO COMPROMISE**
(California Evidence Code §§1152, 1154)

LAW OFFICE OF
JEROME A CLAY, ESQ.
5250 Claremont Ave, Suite 221
Stockton, Ca 95207
Tel: (209) 603-9852
Facsimile: (510) 280-2841
(Email Address: jclay7@claylaw.net)

**PERSONAL AND CONFIDENTIAL**
PRIVILEGED OFFER TO COMPROMISE
(California Evidence Code §§1152, 1154)

Via Email
**Walmart INC**
702 SW 8TH STREET
BENTONVILLE AR 72716

RE: Danielle P. Williams, v. Walmart, et al
Claim:
Incident date: May 1, 2021

To whom it may concern :

## INTRODUCTION

I wanted to take this opportunity, prior to filing a lawsuit in the San Joaquin County State Court on behalf of our client, Danielle P. Williams, to make our formal settlement demand.
Plaintiff's demand is for $150,000.00; we will not accept anything less than $150,000.00 and believe we have a good faith basis to do so.

The following is our analysis of the facts and damages in this case and our support our claim:

## FACTS

On or about May 1, 2021, after leaving work, Ms. Williams decided to shop at the Walmart located at 3010 W grant line Rd.,Tracy, Ca. Ms. Williams from Amazon purchased a large amount of grocery totally $129.00 3:13 pm.

## INCIDENT

Ms. Williams was cashing out with the Cashier; at completion, the Cashier asked whether Ms. Williams needed bags for my groceries. Ms. Williams told her, "NO THANK YOU," because Ms. Williams had her bags. Since the cashier clerk's line was long, Ms. Williams told her that Ms. Williams would just put my items in the cart, step to

Demand Letter
Williams vs. Walmart

the side, and bag them myself. Ms. Williams proceeded to go and bag my groceries two registers down from the Cashier in which those isles were empty because it was too hot outside to bag at the car I stayed in the Walmart.

During that time, two store employees1 came over, and I thought I was in their way so I immediately apologized and said excuse me and moved over a little bit and continued taking my time bagging my groceries, once I was done with bagging my groceries, I proceeded to go towards the exit doors, I asked the young lady at the door would she like to see my receipt? She responded by looking at my receipt for my items, once I was completed with her, I continue to walk out to my car and before I was able to leave the building a plain cloth security guard immediately came out of the side door in the lobby and stopped me and in a very DEMANDING WAY and said I NEED to see your receipt. (REMEMBER I JUST SHOWED MY RECEIPT TO THE LADY AT THE EXIT DOOR)!!!! He took my receipt and glanced at it, I began to question did he really believe that I stole all these items, he said I just need to see your receipt because of where I was bagging my groceries.

 I was so HUMILIATED, EMARRASSED, DEVASTATED, HURT, BROUGHT ME TO TEARS & OFFENDED BY HIS ACTION!! I am an upstanding citizen who is a Christian who allow Bible principles to guide my life and one is (HONESTY) I have never been treated or accused of such a HORRIBLE thing ever in my life. I calm down a little bit and went back into the store to the Cashier that cashed me out and told her what happened, she said all they had to do was to talk with me, I left again very upset called my Sister and she advised me to calm down and go back into the store and speak with the manager. I went to the same Cashier who cashed me out and asked for the manager she pointed her out, I told her that I need to speak with her,

I told her what the plains cloth security guard did to me she said that she did not tell him to do that, but to only check the cameras to see if I had paid for the items, because another one of her employees had pointed me out at the empty register bagging my groceries and brought it to her attention. She begins to say that she did not approach me because in the pass they have approached individuals asking for their receipt and they would start yelling and cursing at them, I begin to tell her that I am not that type of person and that she should have handled the situation in a different way. (I WAS AND STILL IS VERY ANGRY). The Manager whose name at that time is Blanca stated that she is VERY SORRY, but I told her that I hear her, but that it does not take away what he did, and I said again it could have been handled differently that was very EMBARASSING & HUMILIATING I did not deserve his ACTIONS!!

## DISCRIMINATORY BUSINESS PRACTICES IN VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
## (CIVIL CODE § 51 ET SEQ.)

    Ms. Williams, an African American female, was intentionally discriminated when she was shopping at Warmart Store Located at 3010 W grant line Rd., Tracy, Ca, on her

race as proscribed by the Unruh Civil Rights Act, codified in Civil Code section 51 et seq[1].

Said discrimination renders Defendants liable to plaintiffs and the absent members of the female's Class "for each and every offense for the actual damages, and any amount that a jury may determine, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorneys' fees that may be determined by the court in addition thereto...." (Civ. Code, § 52, subd. (a).)[2]

Walmart's actions were malicious, despicable, fraudulent, willful, reckless and exhibited a conscious disregard of the rights of Ms. Williams. Accordingly, Ms. Williams is entitled to punitive damages as provided by *California Civil Code* Sections 52 and 3294.

Additionally, said discrimination further renders Walmart subject to injunctive relief.

## UNFAIR, DECEPTIVE OR UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF THE UNFAIR COMPETITION LAW (BUS. & PROF. CODE, § 17200 ET SEQ. - UNRUH CIVIL RIGHTS ACT)

Walmart engages in acts of unfair competition as defined in Business and Professions Code section 17200 because each and every act of discrimination based on race is a violation of the Unruh Civil Rights Act (Civ Code § 51), was unfair or unlawful or both.

Walmart's acts as specifically stated herein, constitute unfair business practices, in violation of *California Civil Code* Section 1708 (negligence); and 1714(a) (negligence)

---

1 violation of Civil Code Section 51, which states in pertinent part:
*"... (b) All persons within the jurisdiction of this state are free and equal, and no matter what their...race...are entitled to **the full and equal accommodations, advantages, facilities, privileges, or services** in all business establishments of every kind whatsoever."*

2 Any remedies or relief awarded plaintiffs or the absent members of the female's Class as a result of Defendants' liability for violations of the Unruh Civil Rights Act are "independent of any other actions, remedies, or procedures that may be available to an aggrieved party pursuant to any other law." (Civ. Code, § 52, subd. (e).

---

Demand Letter
Williams vs. Walmart

breaches of which are pled above and which conduct is illegal under *California Business & Professions Code* Section 17200, which prohibits unlawful, unfair or fraudulent business acts or practices and unfair, deceptive or untrue acts.

## NEGLIGENCE, NEGLIGENT SUPERVISION AND MANAGEMENT

Ms. Williams who is African American male, was denied full and equal services while shopping at Walmart.

Walmart's conduct was unreasonable and intended to refuse and deny full and equal service to African Americans, against whom Walmart discriminated. Ms. Williams was discriminated against due to his race and in retaliation for protesting wrongful conduct which violated Civil Code Section 51[3]

Walmart and each of them had a duty of due care to treat Ms. Williams reasonably, truthfully and fairly as required by law. Said duties are stated in the common law and case law, as well as in *California Civil Code* Section 1708 (negligence); 1710 and 1714(a) (negligence).

Walmart's conduct as specifically, was unreasonable and deceitful, allowed said conduct to occur in and out of their presence were negligent.

When Walmart and each of them, acted as herein alleged, it was foreseeable that their actions would cause serious damages and injuries to be inflicted upon Plaintiffs.

Walmart so carelessly, negligently and recklessly supervised and managed their property and organization as to subject Plaintiffs to the unreasonable, discriminatory and harassing conduct as more fully set forth above. Furthermore, their acts were done with a willful, wanton and reckless disregard of the consequences to Ms. Williams.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Violations of the Unruh Act, Civil Code sections 46, 51, 1708, 1710, 1714(a); and the causes of action below. On or about May 1, 2021, Ms. Williams who is African American female was denied full and equal services while shopping at Walmart.

---

3 ". *(b) All persons within the jurisdiction of this state are free and equal, and no matter what their...race...are entitled to the **full and equal accommodations, advantages, facilities, privileges, or services** in all business establishments of every kind whatsoever.*"

**Walmart's** *maliciously and despicably* which violated Civil Code Section 51

It is the overall treatment of Ms. Williams was a blatant deprivation of equal service, equal access, as well as the continuum of service from the first instance of contact to the last that is at issue herein.

Walmart was in essence saying **"blacks do not pay for their groceies and run out on their bills"** This conduct is outrageous.


## VIOLATION OF THE CONSUMER LEGAL REMEDY ACT


Ms. Williams  was a consumer of Walmart, which are covered services as defined by the California Consumer Remedies Act, *California Civil Code* Sections 1761 (b)4
Ms. Williams have complied with all provisions of the Consumer Legal Remedies Act.

Walmart services to consumers based upon representations that they will provide the same quality service to any individual regardless of their race, ethnicity, etc.

These representations were untrue and violated Sections 1770(a)(7) and (9) as stated above in Plaintiffs factual allegations.


I look forward to hearing from you by
Very Truly Yours,


Very Truly Yours,


---

4 The **California Consumers Legal Remedies Act** ("CLRA") is the name for California Civil Code §§ 1750 et seq.[The CLRA declare unlawful several "methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer".[2] Forbidden practices include misrepresenting the source of the good and services, representing reconditioned goods as new, advertising goods without having the expected demand in stock, representing a repair is needed when it is not, representing rebates that have hidden conditions, and misrepresenting the authority of a salesman to close a deal.

The CLRA claim is attractive to potential plaintiffs because Cal. Civ. Code § 1780 allows consumers who suffer damage as a result of a practice declared unlawful by § 1770 to obtain actual damages (the total award of damages in a class action shall be more than $1,000); an order enjoining the methods, acts, or practices; restitution of property; punitive damages; court costs and attorney's fees; and any other relief that the court deems proper. A prevailing plaintiff gets to recover his attorney's fees, but a prevailing defendant usually may not recover his attorney's fees.

---

Demand Letter
Williams vs. Walmart

by: _____

_____

1 Manger named Blanca

**Exhibit "B"**
(Letter dated April 14, 2022)

# Walmart >!< Claims Services

April 14, 2022


|Clay Jerome
Law office Of Jerome A Clay, ESQ
5250 Claremont Ave. Suite 22 I
Stockton, CA  95207|


RE:              Danielle Williams
File Number:     10073379
Date of Loss:    05/01/2021
Facility #:      2025
Entity Name:     Walmart Inc.

Dear Sir :

Walmart Claims Services (WCS) has administered retail customer injury and property damage claims for Walmart and its related companies and their insurance companies since 1993. Our company believes in treating customers fairly and in providing excellent customer service. We have been informed that you represent the customer referenced above in a liability claim against one of the Walmart family of retail brands.

Our investigation of this claim is currently ongoing. As part of that investigation, I would like the opportunity to conduct a recorded interview via telephone conference call with your client, yourself, and Walmart Claims Services on the line. This interview is an important part of our investigation. Please contact your client and determine a mutually agreeable time for the telephone interview. Because our investigation is time sensitive, please respond to this request within seven (7) business days of receiving this letter. If you are unable to agree to my request for a phone interview, please notify me.

Also, please inform us if your client is eligible for, or a recipient of: Medicare, Medicaid, or Tri-Care at your earliest convenience. Additionally, I want to inform you that if a decision to make payment arises, our settlement release will include a confidentiality clause from both the customer and the customer's attorney.

If we are unable to resolve the matter and your client wishes to pursue the matter in court, we request that a courtesy copy of the complaint be sent to our attention.

If you have any questions concerning this matter, please feel free to contact me. Thank you for your assistance with our investigation.

Sincerely,


**Randall Vickers** - *Case Manager I*
Phone: 479-360-3115
Fax: 877-219-0742
Email: Randall.Vickers@walmart.com


**Walmart Claims Services, Inc.** - P.O. BOX 14731, Lexington, KY – 40512-4731

*Walmart Claims Services, Inc. is the administrator for the Walmart family of brands and for certain insurers, including:*
*Walmart Inc..*

**Exhibit "C"**
(Receipt)

Give us feedback @ survey.walmart.com
Thank you! ID #:7W6SJFPYVH3

# Walmart >‹‹.

```
        209-836-5706 Mgr:BIANCA
          3010 W GRANT LINE RD
             TRACY CA 95304
ST# 02025 OP# 007065 TE# 02 TR# 09309
PKG SALAD     068113135499 F      1.98 N
PKG SALAD     068113135499 F      1.98 N
PKG SALAD     068113138807 F      3.84 N
MINI SWT PEP  065475800224 F      3.16 N
ROMAINE HRTS  007357400250 F      3.10 N
CARROT CHIPS  007878351001 F      1.88 N
GRAPE TOMATO  003338365585 F      1.48 N
ACE BG CP KG  003400043095 F      1.48 N
CAULIFLOWER   007357401050 F      2.75 N
BROC FLORET   069113132884 F      2.78 N
CELERY STALK  003338365325 F      1.48 N
ORG GR.ONION  068113109107 F      1.68 N
CARROT CHIPS  007878351001 F      1.88 N
RED ONION     000000004082KF
   1.44 lb  @  1 lb /0.88          1.27 N
ORG GR.ONION  068113109107 F      1.68 N
CLASSC RANCH  007874201786 F      2.87 O
GV RNCH DRSG  007874207521 F      2.87 O
DIET PEPSI    001200017174 F      1.98 X
CRV FEE       007874239096 F      0.05 T
MAHATMA 2LB   001740010675 F      1.98 O
ZUCCHINI      000000004067KF
   0.88 lb  @  1 lb /1.48          1.30 N
MUSHROOM      067828627168 F      3.78 N
JIFFY CORN    007248600220 F      0.47 N
JIFFY CORN    007248600220 F      0.47 N
GV FLOUR      007874237006 F      1.42 O
EGGS 18CT     007874214828 F      3.31 O
TOM CHERUB    075166677405 F      4.48 N
LAYS          002840000861 F      0.49 N
CHESTERS      002840006915 F      0.49 N
CHESTERS      002840006915 F      0.49 N
LAYS          002840000861 F      0.49 N
GV ITAL DSG   007874207520 F      2.87 O
SHORTENING    005150025195 F      3.23 O
GV EVAP MILK  007874237037 F      0.94 O
HONEY BBQ SC  001340945133 F      3.54 O
BREAD         007225003712 F      2.88 O
BREAD         007225003712 F      2.08 O
DRUMSTICK     025940580645 F      6.45 O
CKN THIGH LG  025940680798 F      7.98 O
CKN THIGH LG  025940680782 F      7.82 O
CHUNKY GUAC   068113135481 F      4.88 N
GV EVAP MILK  007874237037 F      0.94 O
BFDS LITE 30  004800121372 F      3.77 O
OM BACON BIT  004470002773 F      2.48 O
BT GAR ROTIS  007874235483        7.97 T
BT GAR ROTIS  007874235483        7.97 T
                   SUBTOTAL     125.96
BKNG PWDR     001990000323 F      1.90 N
                   SUBTOTAL     127.86
        TAX 1   8.250 %           1.48
                      TOTAL     129.34
                DEBIT  TEND     129.34
                CHANGE DUE        0.00
EFT DEBIT      PAY FROM PRIMARY
   129.34  TOTAL PURCHASE
BOU DEBIT CARD **** **** **** 8871 I 1
REF # 112000381735
NETWORK ID. 0081 APPR CODE 891317
DEBIT
AID A0000000042203
AAC DCA15F98949E59F3
TERMINAL # SC010222
        04/30/21       15:13:23
             # ITEMS SOLD 47
     TC# 1204 3303 5120 7193 5332 0
```

Low Prices You Can Trust. Every Day.
        04/30/21       15:13:28

**Exhibit "D"**
(Letter dated March 9, 2023)

# Walmart >‹< Claims Services

March 9, 2023

|Clay Jerome
Law office Of Jerome A Clay, ESQ
5250 Claremont Ave. Suite 22 I
Stockton, CA 95207|

RE:            Danielle Williams
File Number:   10073379
Date of Loss:  05/01/2021
Facility #:    2025
Entity Name:   Walmart Inc.

Dear Sir:

As you know, Walmart Claims Services (WCS) administers liability claims on the behalf of the Walmart family of brands and their insurers. I want to thank you for the courtesy that you extended to me as I investigated and evaluated the claim arising from your client's injury.

In assessing your client's claim, WCS has carefully reviewed the facts relating to the incident and the information you have provided to WCS. WCS's investigation and evaluation of this claim indicate that the storekeeper was not at fault for your client's injury. Therefore, we must respectfully deny your client's claim for liability payment.

If you have any additional information or other facts that you feel may change our decision, please provide such facts to us for review. WCS reserves the right to continue its investigation and to consider any and all facts revealed in that investigation.

If you have any questions concerning my decision, please contact me at your convenience.

Sincerely,

**Randall Vickers** - *Case Manager I*
Phone: 479-360-3115
Fax: 877-219-0742
Email: Randall.Vickers@walmart.com
Walmart Claims Services. Walmart Claims Services: CA License # 2I09690

Walmart Claims Services, Inc. - P. O. Box 14731, Lexington, KY – 40512-4731

*Walmart Claims Services, Inc. is the administrator for the Walmart family of brands and for certain insurers, including: Walmart Inc..*



# Superior Court of California, County of San Joaquin
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

> *Indicating your preference on Case Management Statement form CM-110;

> *Filing the Stipulation and Order to Participate in Alternative Dispute Resolution (ADR) *local court form Sup Crt 441*; or

> *Agree to ADR at your initial Case Management Conference.

**Questions?** Call (209) 992-5693 and ask for the ADR Clerk,
email at adr@sjcourts.org or visit the court website at www.sjcourts.org

---

## What is Alternative Dispute Resolution?

**Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called 'neutrals', resolve disputes or help parties resolve disputes without having to go to court. The most common forms of ADR are mediation and arbitration. There are several other types of ADR such as case evaluation, conciliations, settlement conferences, fact finding, mini-trials and summary jury trials. It is important to find the type or types of ADR that are most likely to resolve your dispute.**

## What are the Advantages of using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorney's fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

*ADR Information Packet (7/15)*

# What is the Disadvantage of using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- *Cost* – The neutral may charge a fee for their services.
- *Timelines* – Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in and ADR process.

# What ADR options are available?

- **Mediation** – The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in all general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcome of their own case. The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.
  - ➤ Mediation is an informal, confidential, flexible and non-binding process which a neutral person (mediator) helps the parties to understand the interest of everyone involved, and their practical and legal choices. The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**
  - ➤ Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. A copy of the Civil Mediation Program Panelist is available on the court website at www.sjcourts.org
    See Local Rule 3-123 for additional Civil Mediation Program information.

- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit.
  - ➤ *Judicial Arbitration Program* (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award *and proceed to trial.* See Local Rule 3-122 for additional Judicial Arbitration information.
  - ➤ *Private Arbitration* (binding and non-binding): Occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

- **Additional Information** regarding San Joaquin County Superior Court's ADR programs is available on the Court's website at www.sjcourts.org

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |

TELEPHONE NO.:                    FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**          ☐ **LIMITED CASE** <br> (Amount demanded                    (Amount demanded is $25,000 <br> exceeds $25,000)                      or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

☐   **Notice of Intent to Appear by Telephone,** by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.   **Party or parties** *(answer one)*:
   a.   ☐   This statement is submitted by party *(name)*:
   b.   ☐   This statement is submitted **jointly** by parties *(names)*:


2.   **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b.   ☐   The cross-complaint, if any, was filed on *(date)*:

3.   **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a.   ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b.   ☐   The following parties named in the complaint or cross-complaint
      (1)   ☐   have not been served *(specify names and explain why not)*:

      (2)   ☐   have been served but have not appeared and have not been dismissed *(specify names)*:

      (3)   ☐   have had a default entered against them *(specify names)*:

   c.   ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:


4.   **Description of case**
   a.   Type of case in   ☐ complaint      ☐ cross-complaint      *(Describe, including causes of action)*:

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courts.ca.gov |

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☐ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for *(date):*

b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☐  days *(specify number):*

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:          f.  Fax number:

e.  E-mail address:             g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4)  Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5)  Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                        FAX NO.:<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN | |
|---|---|
| ☐LODI Branch   ☐ MANTECA Branch   ☐ TRACY Branch   ☐STOCKTON Branch<br>315 W. Elm St.    315 E. Center St.    475 E. 10th St.    222 E. Weber Ave.<br>Lodi, CA 95240    Manteca, CA 95336    Tracy, CA 95376    Stockton, CA 95202 | |
| Plaintiff(s)/Petitioner(s): | |
| Defendant(s)/Respondent(s): | CASE NUMBER: |

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

**Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):**

☐Voluntary Mediation

☐Non-Binding Judicial Arbitration CCP 1141.12

☐Binding Arbitration (private)

☐Other (specify):

_____

_____

**Case Type:** _____

**Is the Neutral you selected listed on the Court's Panel of Mediators?** ☐ Yes    ☐ No

**Neutral's name and telephone number:** _____/(_____)_____

**Date/Time of ADR Session:** _____/_____a.m./p.m.   **Location of ADR Session:**_____

**Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:**

_____

_____

**Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR. Original signatures required.**

| | |
|---|---|
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |

**IT IS SO ORDERED:** Dated:_____ _____

Judge of the Superior Court

**An ADR Review Hearing is scheduled for _____at _____a.m/p.m. in Dept. No. _____.**

**In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.**

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Sup Crt 441 (6/09)

# EXHIBIT B

David Davidson, Esq. SBN 215969
ddavidson@ohaganmeyer.com
Pilar Torres, Esq. SBN 341732
ptorres@ohaganmeyer.com
O'HAGAN MEYER LLP
3200 Park Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone: (949) 942-8500
Facsimile: (949) 942-8510

Attorneys for Defendant,
WALMART, INC., a Delaware corporation

Electronically Filed
Superior Court of California
County of San Joaquin
2023-07-31 12:03:47
Clerk: Jessica Cayo

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN JOAQUIN

| | |
|---|---|
| DANIELLE P. WILLIAMS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>Defendant. | CASE NO. STK-CV-UCR-2023-0006523<br><br>**Assigned for All Purposes to:**<br>Hon. Barbara Kronlund<br>Dept. 10D<br><br>**DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF DANIELLE P. WILLIAMS' COMPLAINT**<br><br>Complaint Filed: 6/26/2023<br>Trial Date:  None Set |

Defendant WALMART INC. ("Defendant") hereby answers Plaintiff DANIELLE P. WILLIAMS' Complaint as follows.

### GENERAL DENIAL

Defendant denies both generally and specifically each and every allegation in said unverified complaint and the whole thereof, including a denial that Plaintiff has been or will be injured or damaged whether in the manner alleged, or in any other manner or sum, or at all, as permitted by California Code of Civil Procedure § 431.30(d). In further response to Plaintiff's Complaint, Defendant denies that Plaintiff has sustained any injury, damage, or loss, by reason of

1

**DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF DANIELLE P. WILLIAMS' COMPLAINT**

any act or omission of Defendant or its agents or employees.

## FIRST AFFIRMATIVE DEFENSE

1.    The Complaint, and each and every purported cause of action contained therein, fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.    Each cause of action asserted in Plaintiff's Complaint is barred by the statute of limitations as set forth in Code of Civil Procedure §§335.1, 337.1, 337.15, and 340.

## THIRD AFFIRMATIVE DEFENSE

3.    Defendant contends that Plaintiff was concurrently and contributorily negligent in and about the matters referred to in said Complaint on file herein, and that said carelessness and negligence on Plaintiff's own part proximately and directly contributed to and caused the injuries, loss, and damages complained of by Plaintiff, if any there were.

## FOURTH AFFIRMATIVE DEFENSE

4.    Defendant contends that the injuries and damages complained of by Plaintiff, if any there were, were either wholly or in part proximately caused by negligence or other wrongful acts or omissions of persons or entities other than this answering Defendant, and that said negligence or wrongful acts or omissions either are imputed to Plaintiff by reason of her relationship with said persons or entities, or comparatively reduce the proportion of negligence and corresponding liability of this answering Defendant, if any, which liability is specifically denied.

## FIFTH AFFIRMATIVE DEFENSE

5.    Defendant contends that if liability is assessed against it, pursuant to Civil Code § 1431 et. seq., Defendant shall be liable only for the amount of non-economic damages allocated to it in direct proportion to the percentage of fault assessed against it by the trier of fact and requests that a separate judgment be rendered against it for that amount; but that Defendant in setting forth this affirmative defense makes no admission that it is liable to Plaintiff in any amount or in any proportion; and Defendant, in setting forth this affirmative defense, makes no admission that Plaintiff has been damaged in any sum or sums at all.

///

2

**DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF DANIELLE P. WILLIAMS' COMPLAINT**

**SIXTH AFFIRMATIVE DEFENSE**

6.    Plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize and mitigate her damages, if any there were, and that this failure to mitigate damages alone aggravated any damages or injuries to Plaintiff, if any, and therefore precludes or reduces recovery against this answering Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

7.    Defendant contends that Plaintiff knew, or in the exercise of reasonable care, should have known of the risks and hazards involved in the undertaking in which she engaged, but nevertheless and with full knowledge of these things, did fully and voluntarily consent to assume the risks and hazards involved in the undertaking.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    Defendant contends that pursuant to Government Code §830.2 and its progeny the risk, if any, created by the alleged dangerous condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property or adjacent property was used with due care in a manner in which it was reasonably foreseeable that it would be used.

**NINTH AFFIRMATIVE DEFENSE**

9.    Defendant contends that the events, injuries, losses, and damages, if any, complained of were the result of an unavoidable accident insofar as this answering Defendant is concerned and occurred without any negligence, want of care, default or other breach of duty to Plaintiff on the part of this answering Defendant.

**TENTH AFFIRMATIVE DEFENSE**

10.    The provisions of the "Fair Responsibility Act of 1986" (commonly known as Proposition 51) Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432 are applicable to this action to the extent that Plaintiff's injuries and damages, if any, were legally caused or contributed to by the negligence of fault of persons or entities other than this answering Defendant.

///

3

DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF DANIELLE P. WILLIAMS' COMPLAINT

O'HAGAN MEYER
ATTORNEYS ▲ ADVISORS

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    Defendant contends that any and all conduct of which Plaintiff complains, and which is attributed to this answering Defendant, or its agents or employees was a just and proper exercise of management discretion on the part of this answering Defendant and its agents and employees undertaken for a fair and honest reason and regulated by good faith under the circumstances then existing.

**TWELFTH AFFIRMATIVE DEFENSE**

12.    Defendant contends that plaintiffs cause of action for premises liability is barred because Defendant did not have actual notice of the condition within sufficient time before the alleged injury to provide a reasonable opportunity to protect against it.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.    Defendant contends that plaintiffs cause of action for premises liability is barred because Defendant did not have constructive notice of the condition within sufficient time before the alleged injury to provide a reasonable opportunity to protect against it.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.    Defendant contends that plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for plaintiff's own safety in order to avoid the alleged incident. The resulting injuries and damages, if any, sustained by plaintiff were proximately caused and contributed to by the negligence of plaintiff, in that any possible danger with regard to the accident was open and obvious to anyone using reasonable care.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.    At the time and place of the occurrence alleged in the complaint, plaintiff failed to exercise ordinary care on her own behalf for her own safety. That negligence caused the injury and damage, if any, that she sustained. Consequently, plaintiffs right to recover should be diminished by her proportional share of fault.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.    Any recovery on Plaintiff's Complaint is barred on the ground that every action taken with respect to Plaintiff was done out of business necessity.

4

DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF DANIELLE P. WILLIAMS' COMPLAINT

**O'HAGAN MEYER**
ATTORNEYS ▲ ADVISORS

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's Complaint, and each purported cause of action and/or form of recovery contained therein, is barred to the extent that Plaintiff lacks standing to assert any of the causes of action and/or form of recovery contained in the Complaint because Plaintiff has not suffered any injury-in-fact or for which Plaintiff does not have a private right of action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff is barred from proceeding with this action on the ground that Plaintiff is guilty of laches in failing to timely commence this action, which has prejudiced Defendant in its ability to discovery adequate witnesses, testimony, facts, and evidence to support Defendant's defenses.

### NINETEENTH AFFIRMATIVE DEFENSE

19. The Complaint, and each purported cause of action alleged therein, is barred on the ground that at all times alleged in the Complaint, Plaintiff expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff failed to exhaust available administrative remedies and is therefore precluded from obtaining any relief under the alleged causes of action in the complaint.

### TWENTY FIRST AFFIRMATIVE DEFENSE

21. Defendant is permitted to request a customer to show a receipt as it is a legitimate business practice and is supported by the Shopkeepers Privilege in California.

### TWENTY SECOND AFFIRMATIVE DEFENSE

22. Defendant alleges the Complaint, and each purported cause of action contained therein, is barred because the alleged conduct, if true, would be an essential lawful part of Defendant's business operations and/or consistent with industry practice.

### TWENTY THIRD AFFIRMATIVE DEFENSE

23. Defendant alleges the Complaint, and each purported cause of action contained therein, is barred because Defendant exercised reasonable care to prevent and correct promptly any alleged discrimination and Plaintiff unreasonably failed to take advantage of any preventative

5

DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF DANIELLE P. WILLIAMS' COMPLAINT

or corrective opportunities provided by Defendant or to avoid harm otherwise.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

24. The alleged acts of Defendant were not outrageous, intentional, or reckless, and Plaintiff did not suffer severe emotional distress as a result of Defendant's alleged acts.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

25. All of Defendant decisions with respect to Plaintiff were based on legitimate, nondiscriminatory business reasons and were not pretexts for discrimination.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

26. Defendant nor any of their officers, directors or managing agents committed any alleged oppressive, fraudulent, or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act or employed any such employee or employees with a conscious disregard of the rights or safety of others. Cal. Civ. Code § 3294(b).

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff has failed to set out their claims with sufficient particularity to permit Defendant to raise all appropriate defenses, and Defendant therefore reserves the right to add further defenses as the bases for Plaintiffs' purported claims become known.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

1.    That Plaintiff take nothing by way of the Complaint;

2.    That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.    For attorneys' fees and costs of suit incurred in defense of this action; and

///

///

///

6

**DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF DANIELLE P. WILLIAMS' COMPLAINT**

4.    For such other, further relief, as this Court may deem just and proper.

DATED: July 31, 2023                    O'HAGAN MEYER

By: _____

David Davidson
Pilar Torres
Attorneys for Defendant,
WALMART, INC., a Delaware corporation

7

**DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF DANIELLE P. WILLIAMS' COMPLAINT**

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                          ) ss.
COUNTY OF LOS ANGELES      )

I am over the age of eighteen years and not a party to the within action. I am employed by O'HAGAN MEYER LLP, whose business address is 3200 Park Center Drive, Suite 700, Costa Mesa, CA 92626, and email address is: agurzenski@ohaganmeyer.com.

On **July 31, 2023**, I served the within document(s) described as: **DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF DANIELLE P. WILLIAMS' COMPLAINT** on the parties in said action as follows:

### SEE SERVICE LIST

☐       **BY MAIL** (CCP § 1013) - I caused the documents described above to be deposited for processing in the mailroom in our offices. I am "readily familiar" with the firm's practices of collection and processing correspondence for mailing. It is deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.

☐       **BY FAX:** (CCP § 1013 (e); CRC 2.306 (a) (b)) – I caused such document(s) to be electronically transmitted by facsimile to the respective fax number(s) of the party(ies) as stated on the attached Service List.

☒       **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒       **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 31, 2023,** at Los Angeles, California.

_____
*Amber Gurzenski*

1

PROOF OF SERVICE

**SERVICE LIST**
*Danielle Williams v. Walmart, Inc.*
San Joaquin County Superior Court, Case No. STK-CV-UCR-2023-0006523
O'Hagan Meyer File No.: 2967-19923


Jerome Anthony Clay, Jr.                          Attorneys for Plaintiff
**Law Offices of Jerome A. Clay**                 Danielle P. Williams
5250 Claremont Avenue, Suite 221
Stockton, CA 95207
Tel: 209-603-9852
Fax: 510-280-2841
Jclay7@claylaw.net

PROOF OF SERVICE

# CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within action.  I am employed by O'HAGAN MEYER LLP, whose business address is 3200 Park Center Drive, Suite 700, Costa Mesa, CA 92626, and email address is agurzenski@ohaganmeyer.com .

On **August 3, 2023**, I served the within document(s) described as:

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ**

 on the parties in said action as follows:

☐     **BY ELECTRONIC TRANSMISSION:** The undersigned hereby certifies that on 8/1/2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which sent notification to all counsel of record, who are deemed to have consented to electronic service via the CM/ECF system.

☒     **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     (FEDERAL) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **August 3, 2023,** at Los Angeles, California.

*/s/ Amber Gurzenski*
Amber Gurzenski

1

## SERVICE LIST
*Danielle Williams v. Walmart, Inc.*
O'Hagan Meyer File No.: 2967-19923

Jerome Anthony Clay, Jr.                    Attorneys for Plaintiff
**Law Offices of Jerome A. Clay**          Danielle P. Williams
5250 Claremont Avenue, Suite 221
Stockton, CA 95207
Tel: 209-603-9852
Fax: 510-280-2841
Jclay7@claylaw.net

2

**CERTIFICATE OF SERVICE**